**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| MISTY GREENE,<br><br>Plaintiff,<br><br>-v-<br><br>TRANS UNION LLC and FIRST PREMIER BANK<br><br>Defendant. | Civil Action No. 2:26-cv-01869-DCN |

**DEFENDANT FIST PREMIER BANK'S NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant First Premier Bank ("Premier"), by counsel, hereby removes this civil action, pending in the Court of Common Pleas for the County of Berkeley, South Carolina, Case No. 2026-CP-08-01037 (the "State Court Action"), to the United States District Court for the District of South Carolina. Removal is proper because this Court has subject matter jurisdiction over the action under federal question jurisdiction. *See* 28 U.S.C. § 1331. Accordingly, Premier removes this action to this Court, and in support thereof, states the following:

## I. BACKGROUND.

1. Plaintiff commenced the State Court Action against Premier by filing a complaint ("Complaint") in the Court of Common Pleas for the County of Berkeley, South Carolina, Case No. 2026-CP-08-01037, on or about April 2, 2026. A copy of the Complaint is attached hereto as **Exhibit A**.

2. On April 7, 2026, Premier was served with summons and Complaint. (*See* Ex. A at 1.)

3. This Notice of Removal is being filed within thirty days of service of the Complaint on Premier and is therefore timely under 28 U.S.C. § 1446(b).

4. Premier is informed and believes that co-defendant, Trans Union LLC ("Trans Union"), has not yet been properly served with process in this action. Accordingly, its consent to removal is not required currently. Accordingly, Premier cannot state whether Trans Union LLC consents to this removal but will promptly notify the Court if and when Trans Union appears and states a position.

5. The above-captioned action is a suit for alleged violations of the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") and the South Carolina Identity Theft Protection Act, S.C. Code Ann. §§ 37-20-110 – 37-20-200.

## II. FEDERAL QUESTION JURISDICTION.

6. This Court has original jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. In her Complaint, Plaintiff alleges Premier violated FCRA § 1681s-2(b) by inaccurately reporting an "account" to credit reporting agencies and failing to conduct a reasonable

investigation into Plaintiff's disputes regarding Premier's reporting of said account. (*See generally* Ex. A at 8, ¶¶ 54–64.)

9. Plaintiff claims she "suffered actual damages, including harm to her credit, lost or impaired financial opportunities" and "emotional distress" because of Premier's alleged FCRA violations. (*See id.* at ¶ 63.) Thus, the Court has subject matter jurisdiction under Article III of the United States Constitution.

10. Federal question jurisdiction exists over this action because the allegations asserted in Plaintiff's Complaint involve claims that will require resolution of significant, disputed issues arising under federal law. *See* 28 U.S.C. § 1331.

11. Plaintiff's claims purporting to arise under South Carolina law are so related to Plaintiff's federal claims, which are within the original jurisdiction of this court, that they form part of the same case or controversy. Specifically, Plaintiff's claim under the South Carolina Identity Theft Protection Act, S.C. Code Ann. §§ 37-20-110 – 37-20-200, arises out of the same conduct Plaintiff alleges violated the FCRA. (*See* Ex. A at 9, ¶¶ 58–60 and 10, ¶¶ 67–69.) Accordingly, the Court has supplemental jurisdiction over Plaintiff's claim under the South Carolina Identity Theft Protection Act pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

12. Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residence of the parties.

**III. VENUE.**

13. Venue is proper in this Court because this district encompasses the Court of Common Pleas for the County of Berkeley, South Carolina, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

## IV. NOTICE.

14. Concurrently with the filing of this Notice, Premier will file a Notice of Filing of Notice of Removal with the Clerk of the Court of Common Pleas for the County of Berkeley, South Carolina, a copy of which is attached hereto as **Exhibit B**.

15. Upon information and belief, the contents of **Exhibit A** through **Exhibit B** constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. §1446(a).

WHEREFORE, Premier hereby removes this action to this Court.

Dated: May 7, 2026

*/s/ Madeline O. Baruch*

Madeline O. Baruch (Fed. Bar No. 14141)
TROUTMAN PEPPER LOCKE LLP
301 S College Street, 34th Floor
Charlotte, NC 28202
Email: maddie.baruch@troutman.com
Tel: 704.998.4050
Fax: 704.998.4051

*Counsel for Defendant, First Premier Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of May 2026, I filed the foregoing document with the Clerk of the Court via the Court's CM/ECF system, and sent a copy of the same via electronic mail and Federal Express to the following parties:

Dave Maxfield, Esq. (SC Bar 7163)
P.O. Box 11865
Columbia, SC 29211
dave@consumerlawsc.com

*Counsel for Plaintiff, Misty Greene*

*/s/ Madeline O. Baruch*
Madeline O. Baruch