# Exhibit A

Dave Maxfield
PO Box 11865
Columbia SC 29211

0013710222000011
VIA CERTIFIED MAIL
First Premier Bank
Vice President, as Agent for Service
500 S Minnesota Ave
Sioux Falls SD 57104



USPS CERTIFIED MAIL

9214 8901 4298 0473 2475 90



RECEIVED

APR 07 2026

BY: legal

By company: 4/6/26

# See Important Information Enclosed



Dave Maxfield, Attorney, LLC
Phone: 803-509-6800
Fax: 855-299-1656
ConsumerLawSC.com

2191 Pickens Street
Suite 317
Columbia, SC 29201

Member, National Association of Consumer Advocates

April 2, 2026

**VIA CERTIFIED MAIL**
First Premier Bank
Vice President, as Agent for Service
500 S Minnesota Ave
Sioux Falls, SD 57104

RE:    Misty Greene v. Trans Union LLC and First Premier Bank
        Case No. 2026-CP-08-01037

Dear Sir or Madam:

Enclosed herewith and served upon you on behalf of **First Premier Bank**, is a filed copy of a **Summons and Complaint** in the above matter.

Sincerely,

s/ Kristy Woodward
Paralegal to Dave Maxfield

Enc.

ELECTRONICALLY FILED - 2026 Apr 01 2:41 PM - BERKELEY - COMMON PLEAS - CASE#2026CP0801037

STATE OF SOUTH CAROLINA

COUNTY OF BERKELEY

MISTY GREENE,

Plaintiff,

-vs-

TRANS UNION LLC, and FIRST PREMIER BANK,

Defendant.

IN THE COURT OF COMMON PLEAS

NINTH JUDICIAL CIRCUIT

Case No.

**SUMMONS**

TO:     THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at 2191 Pickens Street, Suite 317, Columbia, South Carolina 29201 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint.  If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
2191 Pickens Street, Suite 317
Columbia, SC 29201
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: April 1, 2026

ELECTRONICALLY FILED - 2026 Apr 01 2:41 PM - BERKELEY - COMMON PLEAS - CASE#2026CP0801037

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BERKELEY | NINTH JUDICIAL CIRCUIT |
| MISTY GREENE, | |
| Plaintiff, | **COMPLAINT** |
| v. | (JURY TRIAL REQUESTED) |
| TRANS UNION LLC and FIRST PREMIER BANK, | |
| Defendants. | |

Plaintiff Misty Greene, by and through undersigned counsel, brings this action against Defendants TransUnion LLC and First Premier Bank for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and against First Premier Bank for violations of the South Carolina Identity Theft Protection Act, S.C. Code Ann. § 37-20-101, et seq.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, which authorizes FCRA claims to be brought in any court of competent jurisdiction, including state courts, and pursuant to S.C. Code Ann. § 37-20-240, which provides a private right of action under the SCITPA.

2. Venue is proper in Berkeley County because Plaintiff resides in Moncks Corner, Berkeley County, South Carolina, and the violations alleged herein occurred within this County.

## PARTIES

3. Plaintiff Misty Greene is a natural person residing in Moncks Corner, South Carolina 29461, and is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

4. Trans Union, LLC ("Trans Union") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Illinois and is a credit reporting agency within the meaning of the FCRA.

5. Defendant First Premier Bank is a federally chartered bank headquartered at 601 S. Minnesota Avenue, Sioux Falls, South Dakota 57104, is a furnisher of information under the FCRA, and is a creditor within the meaning of the SCITPA, regularly extending credit to South Carolina residents.

1

ELECTRONICALLY FILED - 2026 Apr 01 2:41 PM - BERKELEY - COMMON PLEAS - CASE#2026CP0801037

## FACTS

6. Plaintiff is a victim of identity theft.

7. An unknown third party fraudulently opened a First Premier Bank credit card account in Plaintiff's name without her knowledge, authorization, or consent on or about September 25, 2020.

8. Plaintiff did not apply for, authorize, or receive any benefit from this First Premier account.

9. Plaintiff only discovered the fraudulent account in January 2026 when she reviewed her credit information and saw the First Premier tradeline that she did not recognize.

10. On January 24, 2026, Plaintiff filed FTC Identity Theft Report No. 196011044 documenting that the First Premier account had been opened in her name through identity theft.

11. On February 23, 2026, the Charleston Police Department accepted Plaintiff's identity theft complaint and issued Case No. 26-02924, confirming that the First Premier account was opened without Plaintiff's authorization using her personal identifying information.

12. On or about January 10, 2026, Plaintiff submitted a certified identity theft blocking request to TransUnion under FCRA § 605B, 15 U.S.C. § 1681c-2.

13. With that request, Plaintiff provided TransUnion all required documentation, including her FTC Identity Theft Report, a government-issued photo identification, her Social Security card, and a Dominion Energy utility bill confirming her current address.

14. TransUnion received Plaintiff's identity theft blocking request and supporting documentation.

15. FCRA § 605B required TransUnion to block reporting of the First Premier account from Plaintiff's TransUnion file within four business days of receiving her complete identity theft documentation.

16. TransUnion did not block the First Premier account within four business days.

17. Instead, TransUnion advised Plaintiff that her documentation was not acceptable but did not identify any missing item, defect, or inconsistency in the documents she supplied.

18. TransUnion then deferred entirely to First Premier Bank's verification of the account, rather than independently evaluating Plaintiff's identity theft evidence.

2

19. In response to Plaintiff's CFPB complaint, No. 260213-28856435, TransUnion confirmed its position on or about March 10, 2026, stating: FIRST PREMIER BANK — VERIFIED AS REPORTED.

20. The other two nationwide consumer reporting agencies did not treat Plaintiff's identity theft evidence the way TransUnion did.

21. Experian, acting on the same identity theft documentation Plaintiff sent to TransUnion, deleted the First Premier Bank account from Plaintiff's Experian credit file.

22. Equifax, acting on that same identity theft documentation, deleted the separate TILT/FinWise fraudulent account from Plaintiff's Equifax credit file.

23. TransUnion alone refused to block or delete the First Premier account from Plaintiff's credit file.

24. Plaintiff sent TransUnion two formal Method of Verification requests under 15 U.S.C. § 1681i(a)(6)(B)(iii), including a second request dated February 11, 2026.

25. In those requests, Plaintiff demanded that TransUnion describe the procedure it used to verify the First Premier account and disclose whether it relied solely on the automated e-OSCAR system.

26. TransUnion never provided Plaintiff with the required description of its verification procedure.

27. Plaintiff also directly notified First Premier Bank that she was a victim of identity theft, that the First Premier account was fraudulent, and that she did not authorize its opening or use.

28. Plaintiff requested that First Premier Bank provide documentation showing how the account was opened, including any signed application or authorization bearing her signature and any identity verification records.

29. First Premier Bank did not provide Plaintiff with any signed application, authorization, or other documentation showing that Plaintiff opened or authorized the account.

30. Despite Plaintiff's notices and requests, First Premier Bank continued to report the account as accurate and verified to TransUnion.

31. The First Premier account continues to appear on Plaintiff's TransUnion credit report as of the date of this Complaint.

32. The continued reporting of the fraudulent First Premier account has harmed Plaintiff's credit standing, made it more difficult and more expensive for her to obtain credit, and has caused her to lose or risk losing financial opportunities.

3

ELECTRONICALLY FILED - 2026 Apr 01 2:41 PM - BERKELEY - COMMON PLEAS - CASE#2026CP0801037

33. Plaintiff has also spent significant time and effort disputing the account, gathering and submitting identity theft documentation, and attempting to correct her TransUnion credit file.

34. The ongoing presence of the fraudulent First Premier account on her TransUnion credit report has caused Plaintiff stress, anxiety, and emotional distress.

## FOR A FIRST CAUSE OF ACTION

### (Negligent Violation of the Fair Credit Reporting Act Against TransUnion LLC)

35. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

36. Plaintiff notified TransUnion that the First Premier account appearing on her TransUnion credit report was the result of identity theft and was inaccurate.

37. Under 15 U.S.C. § 1681i, TransUnion was required to conduct a reasonable reinvestigation of Plaintiff's dispute.

38. TransUnion forwarded the dispute to First Premier Bank and accepted First Premier Bank's verification without conducting an independent investigation, even though Plaintiff had supplied an FTC Identity Theft Report and a police report confirming the account was fraudulent.

39. In an identity theft context, simply relaying the dispute to the furnisher and accepting the furnisher's bare verification, especially through an automated system such as e-OSCAR, does not constitute a reasonable reinvestigation under § 1681i.

40. TransUnion further failed to block the First Premier account within four business days of receiving Plaintiff's complete identity theft documentation, as required by 15 U.S.C. § 1681c-2.

41. TransUnion also failed to provide Plaintiff with a description of its verification procedure in response to her Method of Verification requests, as required by 15 U.S.C. § 1681i(a)(6)(B)(iii).

42. TransUnion's failures constitute negligent noncompliance with its duties under the FCRA.

43. As a direct and proximate result of TransUnion's negligent noncompliance, Plaintiff has suffered actual damages, including harm to her credit profile, lost or impaired financial opportunities, and the time, effort, and expenses she incurred to dispute and attempt to correct the inaccurate information.

44. Pursuant to 15 U.S.C. § 1681o, Plaintiff is entitled to recover actual damages, together with the costs of this action and reasonable attorney's fees.

ELECTRONICALLY FILED - 2026 Apr 01 2:41 PM - BERKELEY - COMMON PLEAS - CASE#2026CP0801037

4

## FOR A SECOND CAUSE OF ACTION

**(Willful Violation of the Fair Credit Reporting Act Against TransUnion LLC)**

45. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

46. TransUnion received Plaintiff's complete identity theft blocking request, including her FTC Identity Theft Report, police documentation, and identity and address documentation, yet knowingly refused to block the First Premier account from her file.

47. TransUnion rejected Plaintiff's documentation as not acceptable without any substantive explanation and continued to report the account as verified even after being placed on repeated notice that its investigation was deficient.

48. Plaintiff placed TransUnion on repeated notice through two Method of Verification requests, a second dispute letter, and her CFPB complaint that the First Premier account was fraudulent, and that TransUnion's investigation did not comply with the FCRA.

49. TransUnion nonetheless maintained the First Premier account on Plaintiff's credit file and reiterated that it was verified as reported.

50. Experian and Equifax, acting on the same identity theft documentation, deleted their respective fraudulent accounts, demonstrating that Plaintiff's documentation was sufficient for a reasonable investigation and correction.

51. TransUnion's decision to ignore Plaintiff's identity theft documentation, defer entirely to First Premier Bank's verification, and refuse to block or delete the account despite repeated notice reflects a pattern of deliberate indifference to Plaintiff's federally protected rights under the FCRA.

52. TransUnion's conduct was willful within the meaning of 15 U.S.C. § 1681n.

53. Pursuant to 15 U.S.C. § 1681n, Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 per violation, punitive damages in an amount to be determined by the trier of fact, and reasonable attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION

**(Violation of 15 U.S.C. § 1681s-2(b) Against First Premier Bank)**

54. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

55. Upon receiving notice of Plaintiff's dispute from TransUnion, First Premier Bank was required under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation, review all relevant information provided by TransUnion, and correct or delete any information it could not verify as accurate.

5

ELECTRONICALLY FILED - 2026 Apr 01 2:41 PM - BERKELEY - COMMON PLEAS - CASE#2026CP0801037

56. Plaintiff's dispute and the materials provided to TransUnion gave First Premier Bank notice that Plaintiff was a victim of identity theft and that the First Premier account was unauthorized.

57. First Premier Bank verified the account as accurate to TransUnion without conducting a reasonable investigation.

58. First Premier Bank possessed, but did not produce to Plaintiff, any signed application, authorization, or identity verification documentation showing that Plaintiff opened or authorized the account.

59. Plaintiff separately requested that First Premier Bank provide any such documents, and First Premier Bank provided none.

60. A reasonable investigation would have included locating and reviewing any account-opening and identity-verification records and would have revealed that the account was opened through identity theft.

61. Experian independently reached that conclusion and deleted the same First Premier Bank account from Plaintiff's Experian credit file upon receiving Plaintiff's identity theft documentation.

62. First Premier Bank's failure to conduct a reasonable investigation and its continued reporting of the fraudulent account as verified and accurate to TransUnion constitute violations of 15 U.S.C. § 1681s-2(b).

63. As a direct and proximate result of First Premier Bank's violations, Plaintiff has suffered actual damages, including harm to her credit, lost or impaired financial opportunities, and the time, effort, and emotional distress associated with attempting to correct the fraudulent account.

64. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, and reasonable attorney's fees and costs from First Premier Bank.

## FOR A FOURTH CAUSE OF ACTION

### (Violation of the South Carolina Identity Theft Protection Act

### Against First Premier Bank)

65. Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

66. First Premier Bank is a creditor within the meaning of the South Carolina Identity Theft Protection Act.

67. The SCITPA imposes duties on creditors who have extended credit based on fraudulent identity information, including duties to provide application and transaction records related to the fraudulent account, cease collection activity on

6

ELECTRONICALLY FILED - 2026 Apr 01 2:41 PM - BERKELEY - COMMON PLEAS - CASE#2026CP0801037

the fraudulent account upon proper notice, and refrain from selling or transferring the fraudulent debt.

68. Plaintiff provided First Premier Bank with written notice that she was the victim of identity theft and that the First Premier account was opened without her authorization, and requested all documentation related to the opening and use of the account, including any signed application, authorization, and identity verification records.

69. First Premier Bank failed to provide Plaintiff with the requested application and transaction records relating to the fraudulent First Premier account.

70. First Premier Bank continued to report and seek collection on the fraudulent account after receiving Plaintiff's written identity theft notice.

71. First Premier Bank's failure to comply with its obligations under the South Carolina Identity Theft Protection Act, including S.C. Code Ann. § 37-20-190, constitutes a violation of South Carolina law.

72. As a direct and proximate result of First Premier Bank's violations of the South Carolina Identity Theft Protection Act, Plaintiff has suffered actual harm including damage to her credit, harm to her financial standing, and emotional distress.

73. Pursuant to S.C. Code Ann. § 37-20-240, Plaintiff is entitled to recover actual damages and such other relief as the Court deems appropriate, including costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Misty Greene respectfully requests that this Court enter judgment in her favor and against Defendants TransUnion LLC and First Premier Bank, and award the following relief:

1. Actual damages in an amount to be proven at trial.

2. Statutory damages against TransUnion LLC of not less than $100 and not more than $1,000 per violation, pursuant to 15 U.S.C. § 1681n.

3. Punitive damages against TransUnion LLC and First Premier Bank for willful noncompliance with the FCRA, pursuant to 15 U.S.C. § 1681n.

4. An order directing TransUnion LLC to immediately block and permanently remove the First Premier Bank account from Plaintiff's TransUnion credit file.

5. An order directing First Premier Bank to cease all reporting and collection activity on the fraudulent First Premier Bank account and to request deletion of that account from any consumer reporting agency to which it has been reported.

6. Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o, and S.C. Code Ann. § 37-20-240.

7. Such other and further relief as this Court deems just and proper.

ELECTRONICALLY FILED - 2026 Apr 01 2:41 PM - BERKELEY - COMMON PLEAS - CASE#2026CP0801037

Respectfully submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

April 1, 2026

ELECTRONICALLY FILED - 2026 Apr 01 2:41 PM - BERKELEY - COMMON PLEAS - CASE#2026CP0801037

8

STATE OF SOUTH CAROLINA

COUNTY OF BERKELEY

Misty Greene,

                              Plaintiff,

Vs.

Trans Union LLC, and First Premier Bank,

                              Defendants.

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT

Case No. 2026-CP-08-01037

**CERTIFICATE OF SERVICE**

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that

on **April 2, 2026** I served the foregoing **Summons & Complaint**, by sending a copy of same by

United States First Class Mail, Certified Delivery, Return Receipt Requested to the following:

The Prentice-Hall Corporation System, Inc.
100 Coastal Drive, Suite 210
Charleston, SC 29492
*On behalf of Trans Union LLC*

First Premier Bank
Vice President, as Agent for Service
500 S Minnesota Ave
Sioux Falls, SD 57104
*On behalf of First Premier Bank*

DAVE MAXFIELD, ATTORNEY, LLC
s/ David A. Maxfield

_____

Dave Maxfield, Esq., SC Bar No. 7163
2191 Pickens Street, Suite 317
Columbia, SC 29201
(803) 509-6800
(855) 299-1656 (fax)

DATED: April 2, 2026



